IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 06-cv-01924-MSK-PAC

VIRGINIA MAYES, and
JASON MAYES,

      Plaintiffs,

v.

SPORTSSTUFF, INC.,
ROCKY MOUNTAIN BOAT COMPANY, INC., and
WORLD PUBLICATIONS, INC.

      Defendants.
_____

**OPINION AND ORDER DISMISSING ACTION FOR LACK OF JURISDICTION**
_____

**THIS MATTER** comes before the Court *sua sponte*.

The Plaintiffs commenced this action by filing a Complaint **(# 1)** on September 27, 2006. The Complaint invokes this Court's subject-matter jurisdiction pursuant to 28 U.S.C. § 1332, on the grounds that the parties are of diverse citizenship and that the amount in controversy exceeds $ 75,000. The Complaint states that both Plaintiffs are citizens of Colorado. *Docket* # 1, ¶ 1. Defendant Rocky Mountain Boat Co. is a corporation incorporated in the State of Colorado, *Docket* # 1, ¶ 3, and thus, pursuant to 28 U.S.C. § 1332(c)(1), is deemed to be a citizen of Colorado.[1] Because both the Plaintiffs and a Defendant are citizens of Colorado, diversity

---

[1] The Plaintiffs' jurisdictional allegations against all three Defendants are also defective, insofar as the Plaintiffs only allege their place of incorporation. Under 28 U.S.C. § 1332(c)(1), a corporation is deemed a citizen of both its state of incorporation, and the state in which it maintains its principal place of business. Without an adequate identification of the principal place of business of each Defendant, the Plaintiffs fail to carry their burden of demonstrating subject-matter jurisdiction in this Court.

jurisdiction under 28 U.S.C. § 1332 does not exist. The Court has reviewed the Complaint and discerns no other basis upon which it has subject-matter jurisdiction over this controversy.

Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Image Software, Inc. v. Reynolds and Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006). A court may *sua sponte* raise the question of whether there is subject matter jurisdiction at any stage in the litigation. *Id.* Here, because the very face of the Plaintiffs' Complaint reveals an absence of diversity between the Plaintiffs and all Defendants, there is no reason to believe that the jurisdictional defect could be cured by amendment of the pleadings. Accordingly, the Complaint is **DISMISSED** for lack of subject-matter jurisdiction. The Clerk of the Court is directed to close this case.

Dated this 2d day of October, 2006

                                                 **BY THE COURT:**

                                                 *[signature]*

                                                 Marcia S. Krieger
                                                 United States District Judge